**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4138

ANTHONY G. BRADLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-149)

Submitted: September 8, 1998

Decided: October 6, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William R. Wooton, Beckley, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, John L. File, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Anthony G. Bradley of conspiracy to distribute and possess with the intent to distribute cocaine base and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). The district court sentenced Bradley to a 135-month prison term to be followed by eight years of supervised release. Bradley appeals his convictions and sentence, challenging a reasonable doubt instruction given by the court after defense counsel's closing argument, as well as certain evidentiary rulings, the sufficiency of the evidence, and the amount of drugs attributable to him. Finding no reversible error, we affirm.

I.

Taking the evidence in the light most favorable to the government, see Glasser v. United States, 315 U.S. 60, 80 (1942), testimony at trial disclosed that a drug task force in Beckley, West Virginia, used a confidential informant to purchase crack cocaine from Bradley and Paul Lassinger, Bradley's co-defendant. The informant contacted Lassinger at his place of employment, a restaurant in the Beckley area. Lassinger then attempted to contact his supplier, but the transaction was not completed.

The next day, the task force provided the informant with $200 in marked bills to buy crack cocaine. The informant met with Lassinger at the restaurant and told him he had the money to purchase the drugs. After Lassinger called his supplier on a cellular telephone, Lassinger took the money. A short while later, officers saw Bradley drive into the restaurant parking lot where Lassigner met him and made an exchange. Lassinger reentered the restaurant and gave the informant crack cocaine.

As Bradley left the parking lot, officers approached him in an unmarked car while other officers exited their vehicles and identified themselves as law enforcement officers. Bradley sped off, forcing one officer to the ground. After a brief, high-speed chase, Bradley lost

2

control of his car. As he fled on foot, Bradley threw things from his pockets. Officers apprehended Bradley and discovered $1746 in cash (including the $200 in marked bills provided to the informant to purchase crack) on the ground where Bradley had run.

At the conclusion of the evidence, the court instructed the jury that "the burden of proof is upon the Government to establish . . . that the defendant . . . [is] guilty of the commission of the crime beyond a reasonable doubt." J.A. 343. During closing argument, however, Bradley's counsel told the jury on numerous occasions that the Government had to prove Bradley's guilt "beyond all reasonable doubt." J.A. 357. After a sidebar with counsel, the court reiterated the burden of proof to the jury:

> [T]he standard of proof for the Government is beyond a reasonable doubt. It is not beyond all reasonable doubt. It is not beyond any doubt. The standard is beyond a reasonable doubt. And I feel compelled to instruct you as to what the law is. And that, I think, has been erroneously stated to you and I'm correcting it. The standard is beyond a reasonable doubt, not beyond all reasonable doubt.

J.A. 375-76. The jury convicted Bradley of conspiracy to distribute and possess with the intent to distribute cocaine base and aiding and abetting the distribution of cocaine base.

II.

Bradley first challenges the decision of the district court to reiterate its reasonable doubt instruction after defense counsel's closing argument, contending that the instruction confused the jury and deprived him of a fair trial. The decisions of whether to give a jury instruction and what to include in the instruction are reviewed for abuse of discretion. See United States v. Ellis, 121 F.3d 908, 923 (4th Cir. 1997) (quoting United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996)), cert. denied, 118 S. Ct. 738 (1998). Jury instructions must be viewed in their entirety and in the context of the whole trial to determine if there was an abuse of discretion. See United States v. Park, 421 U.S. 658, 674-75 (1975).

3

Bradley asserts that courts freely substitute "any" and "all" for "a" when discussing the applicable burden of proof. It is well-settled, however, that the correct standard in a criminal case is "beyond a reasonable doubt." In re Winship, 397 U.S. 358, 364 (1970) (holding that government must prove beyond a reasonable doubt every element of a charged offense). And although the supplemental instruction given by the district court here noted that the standard previously had been misstated, Bradley's claim fails because "`the[supplemental] charge was not misleading and contained an adequate statement of the law.'" United States v. Queen, 132 F.3d 991, 1000 (4th Cir. 1997) (quoting United States v. United Med. & Surgical Supply Corp. , 989 F.2d 1390, 1407 (4th Cir. 1993)), cert. denied, 118 S. Ct. 1572 (1998).

III.

Bradley next claims on appeal that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. We review the denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The relevant question is not whether we are convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997); Glasser, 315 U.S. at 80. If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

To prove conspiracy to possess cocaine base with the intent to distribute, the government must establish: (1) an agreement between two or more persons to possess cocaine base with the intent to distribute it; (2) knowledge of the conspiracy by the defendant; and (3) a knowing and voluntary decision by the defendant to join the conspiracy. See Burgos, 94 F.3d at 857. An agreement to participate in a conspiracy need not be proved by direct evidence and may be inferred from circumstantial evidence. See id. at 857-58. And "[a] defendant is guilty of aiding and abetting if he has `knowingly associated himself with and participated in the criminal venture.'" Id. at 873 (quoting United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1993)).

4

Here, the evidence at trial disclosed that Lassinger called Bradley several times after the informant expressed an interest in purchasing crack cocaine. Bradley met Lassinger at the restaurant where they made an exchange, and Lassinger then handed the crack to the informant. When officers apprehended Bradley, they discovered $1746 in cash (including the $200 in marked bills) along the path where Bradley fled. We therefore conclude that the evidence was sufficient to convict Bradley. See Burgos, 94 F.3d at 857, 873.

Bradley asserts, however, that the evidence was insufficient because he testified that Lassinger gave him money to repay a loan-- not to purchase drugs--and because Lassinger testified that he had the crack before he met Bradley in the parking lot. In finding Bradley guilty, the jury rejected this testimony. We may not weigh the evidence or review the credibility of the witnesses. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). We therefore find no error in the denial of Bradley's Rule 29 motion.

IV.

Bradley also claims that the district court erred in admitting evidence of his and Lassinger's prior drug convictions to impeach their credibility, admitting evidence of a defense witness' brother's prosecution and conviction for impeachment purposes, admitting telephone and pager records, and excluding evidence that an officer broke his hand while assaulting Bradley. Assuming, without deciding, that the admission or exclusion of this evidence was error, any error was harmless given the overwhelming evidence of Bradley's guilt. See United States v. Melgar, 139 F.3d 1005, 1016 (4th Cir. 1998) (providing standard).

V.

Finally, Bradley contends that the district court erred in determining the amount of drugs attributable to him by converting over $1500 in cash to its crack cocaine equivalent. Conversion of money derived from drug trafficking to its equivalent drug amount is permissible. See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1, comment. (n.12) (1995); United States v. Hicks, 948 F.2d 877, 882-83 (4th Cir. 1991). At sentencing, the government must establish a connection between

5

the money seized and drug-related activity. See Hicks, 948 F.2d at 882-83. Whether the Government has met its burden of proof is a question of fact reviewed for clear error. See United States v. Self, 132 F.3d 1039, 1042 (4th Cir. 1997), cert. denied , 118 S. Ct. 1573 (1998).

The district court relied on trial testimony to determine whether the cash was related to drug activity and found that Bradley's explanation that the money was for rent due his landlord was incredible. Government witnesses testified that as Bradley fled the parking lot after completing the transaction with Lassinger, he discarded $1746 in cash ($200 of which was the money from the informant). After Bradley's arrest, officers testified that Bradley offered to cooperate by obtaining two kilograms of crack cocaine for the police. These facts were sufficient to establish a connection between the cash and drug-related activity. See Hicks, 948 F.2d at 882-83. We therefore find that the drug amount attributed to Bradley was not clearly erroneous. See Self, 132 F.3d at 1042.

VI.

Accordingly, we affirm Bradley's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED